# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STATE OF WEST VIRGINIA, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 24-1120 |
| UNITED STATES | ) | (and consolidated cases) |
| ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## STATE PETITIONERS' AND NRECA'S RESPONSE TO RESPONDENTS' MOTION TO ALIGN STAY MOTION BRIEFING SCHEDULES AND FOR LEAVE TO FILE A COMBINED RESPONSE ON JUNE 11, 2024

In a largely *unopposed* motion about procedural matters related to stay motions, Respondents have collaterally attacked the State Petitioners' request for an administrative stay and conclusorily argued that the Petitioners are not suffering any immediate, irreparable harm. Mot.6 & n.5. The Court should ignore what EPA has said on those points, as EPA's arguments constitute an unusual and improper attempt to litigate substantive issues in the guise of a procedural filing. But in any event, EPA's remarks only confirm how it fundamentally misunderstands the consequences of its own Rule.

1

As the States said in their motion (which EPA now ignores), the scope and complexity of this Rule will require States to take *immediate* action to comply. *See* States' Stay Mot. ("States.Stay") at 16-20. To meet EPA's mandates, States must start planning, gathering information, analyzing, modeling, coordinating, drafting, and seeking appropriate signoffs right now. *See, e.g.*, States.Stay.Ex.3, Osborne.Decl. ¶¶11-13 (explaining why the long process of fashioning state plans will require an Arkansas state regulator to act "immediately"). States.Stay.Ex.4, Webb.Decl. ¶7 ("[T]he installation of new equipment and construction timelines will require immediate decisions."); States.Stay.Ex.5, Boylan.Decl. ¶3 ("This [compliance] work will need to start immediately following the promulgation of the Rule in order to meet EPA's aggressive deadlines."); States.Stay.Ex.22, Stegmann.Decl. ¶21 ("[T]he Final Rule will require ODEQ and other state agencies to immediately invest a great amount of time, effort, and resources to develop a state plan."); States.Stay.Ex.28, Crowder.Decl. ¶18 ("To comply with the Final Rule's state-plan timeline, the WVDAQ will have to begin working—i.e., expending resources—immediately."); States.Stay.Ex.30, Lane.Decl ¶8 ("The PSCWV would have to commit ratepayer dollars for massive expenditures almost immediately with no assurance that the plants could obtain firm pipeline

capacity, construct new pipeline capacity, or obtain necessary firm gas supplies by 2029."); States.Stay.Ex.31, Parfitt.Decl. ¶4 ("[I]mplementing the rule presents a complicated endeavor necessitating immediate investment of significant Department resources."). All these efforts create unrecoverable costs, threaten irreversible and detrimental changes to the power system, and undermine the States' sovereign discretion. And EPA's own logic on these harms is self-defeating: if it were right that nothing needs to happen right away, then why would it *oppose* an administrative stay during even that purportedly quiet period?

The States are not alone in being immediately injured by the Rule, as the Rule is already directly affecting private entities, too. *See* Nat'l Rural Elec. Coop. Ass'n Stay Mot. ("NRECA.Stay") at 20; *see also* NRECA.Stay.Ex.B, McCollam.Decl. ¶30 ("Basin Electric must immediately begin spending money across a variety of expense categories."); NRECA.Stay.Ex.C, Purvis.Decl. ¶18 ("[S]ources must immediately conduct resource-planning analyses to inform State plan elections."); *id.* ¶46 ("[A] pipeline operator must begin design, permitting, siting, procurement, and construction immediately to have natural gas available in time for the Final Rule's 2030 deadline."); NRECA.Stay.Ex.D, McLennan.Decl. ¶¶75-88

3

(explaining the many ways in which "Minnkota will suffer immediate irreparable harm"); NRECA.Stay.Ex.J, Hochstetler.Decl. ¶24 ("It is critically important that South Carolina's utilities move forward immediately with efforts to construct new combined cycle units."); States.Stay.Ex.20, Tschider.Decl. ¶4 ("Rainbow's ability to comply with the rule within the allotted timeframe is uncertain and that uncertainty inflicts immediate significant harm by chilling Rainbow's ability to generate revenue *now*."). None of that should surprise EPA. It conceded in the Rule itself that at least "feasibility work" on "each component of [carbon capture and sequestration] (capture, transport, and storage)" would need to start in "June 2024." 89 Fed. Reg. 39798, 39874 (May 9, 2024). The facts have shown, though, that the situation is much worse than that.

In short, although now EPA fixates on dates drawn from the Rule, the on-the-ground facts described by real-world regulators and energy experts show that legal effective dates and deadlines are largely beside the point here. That's why we're not "years away" from anything. Mot.6 n.5. The States agreed to EPA's proposed schedule precisely *because* it offered the fastest path to a resolution (and with it, avoidance of these harms). And recall, too, that EPA raised some of these same arguments in opposition to applications

to stay an earlier iteration of this same regulatory effort. *See* EPA Opp. To Appls. For Immediate Stay at 53-54, 58-60, *West Virginia v. EPA*, No. 15A773 (filed Feb. 4, 2016) (arguing that stay applicants, including the States, had not shown "near-term effects" from the Clean Power Plan given later compliance deadlines). But the Supreme Court entered a stay back then anyway. *West Virginia v. EPA*, 577 U.S. 1126, 1126 (2016). This Court should do the same now.

As for word count, the Court should reject the EPA's "sky's the limit" approach. The States, NRECA, and others suggested a reasonable word limit that's slightly over the word limit for full merits briefs. That word limit reflects the efficiencies that EPA will enjoy from filing a consolidated response brief; for example, it won't need to write multiple statements of the case, standards of review, and more. And the proposal is consistent with the Court's practice. Take *Utah v. EPA*, a recent case that EPA mentions. *See* Mot.3 n1. There, the Court required EPA to respond to *six* stay motions in a 14,300-word brief. *See* Order, *Utah v. EPA*, No. 23-1202 (D.C. Cir. Aug. 10, 2023). Surely, then, EPA can respond to the *four* anticipated stay motions here with very nearly the same number of words as it had in *Utah*.

For all these reasons, the Court should order EPA to file by June 11 a consolidated response of no more than 13,500 words to any stay motions filed before May 24.

Respectfully submitted,

| | |
|---|---|
| THEODORE E. ROKITA<br>  ATTORNEY GENERAL | PATRICK MORRISEY<br>  ATTORNEY GENERAL |
| /s/ James A. Barta | /s/ Michael R. Williams |
| James A. Barta<br>  *Solicitor General* | Lindsay S. See<br>  *Solicitor General*<br>Michael R. Williams<br>  *Principal Deputy Solicitor General*<br>  *Counsel of Record*<br>Frank A. Dame<br>  *Assistant Solicitor General* |
| Office of the Attorney General of Indiana<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>Phone: (317) 232-0709<br>james.barta@atg.in.gov | Office of the Attorney General of West Virginia<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25301<br>(304) 558-2021<br>michael.r.williams@wvago.gov |
| *Counsel for State of Indiana* | *Counsel for State of West Virginia* |

STEVE MARSHALL
   ATTORNEY GENERAL

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
 *Solicitor General*

Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
 (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

TIM GRIFFIN
   ATTORNEY GENERAL

/s/ Nicholas J. Bronni
Nicholas J. Bronni
 *Solicitor General*
Dylan Jacobs
 *Deputy Solicitor General*

Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007 (main)
Nicholas.Bronni@ArkansasAG.gov
Dylan.Jacobs@ArkansasAG.gov

*Counsel for State of Arkansas*

TREG TAYLOR
   ATTORNEY GENERAL

/s/ Garrison Todd
Garrison Todd
 *Assistant Attorney General*

Alaska Department of Law
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
garrison.todd@alaska.gov

*Counsel for State of Alaska*

ASHLEY MOODY
   ATTORNEY GENERAL

/s Henry C. Whitaker
Henry C. Whitaker
 *Solicitor General*
James H. Percival
 *Chief of Staff*

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
henry.whitaker@myfloridalegal.com
james.percival@myfloridalegal.com

*Counsel for State of Florida*

CHRISTOPHER M. CARR
   ATTORNEY GENERAL

/s/ Stephen J. Petrany
Stephen J. Petrany
  *Solicitor General*

Office of the Attorney General of Georgia
40 Capitol Square, SW
Atlanta, GA 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*


BRENNA BIRD
   ATTORNEY GENERAL

/s/ Eric H. Wessan
Eric H. Wessan
  *Solicitor General*

Office of the Attorney General of Iowa
1305 E. Walnut Street
Des Moines, IA 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

RAÚL R. LABRADOR
   ATTORNEY GENERAL

/s/ Joshua N. Turner
Joshua N. Turner
  *Chief of Constitutional Litigation and Policy*
Alan M. Hurst
  *Solicitor General*

Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Tel:   (208) 334-2400
Josh.Turner@ag.idaho.gov
Alan.Hurst@ag.idaho.gov

*Counsel for State of Idaho*

RUSSELL COLEMAN
   ATTORNEY GENERAL

/s/ Matthew F. Kuhn
Matthew F. Kuhn
  *Solicitor General*
Jacob M. Abrahamson
  *Counsel for Special Litigation*

Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
(502) 696-5300
Matt.Kuhn@ky.gov
Jacob.Abrahamson@ky.gov

*Counsel for the Commonwealth of Kentucky*

8

Liz Murrill
   Attorney General

/s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga
  *Solicitor General*
Tracy Short
  *Assistant Attorney General*

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
aguinagaj@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for State of Louisiana*

Andrew Bailey
   Attorney General

/s/ Joshua M. Divine
Joshua M. Divine
  *Solicitor General*

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov

*Counsel for State of Missouri*

Lynn Fitch
   Attorney General

/s/ Justin L. Matheny
Justin L. Matheny
  *Deputy Solicitor General*

Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3825
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

Austin Knudsen
   Attorney General

/s/ Christian B. Corrigan
Christian B. Corrigan
  *Solicitor General*
Peter M. Torstensen, Jr.
  *Deputy Solicitor General*

Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026
christian.corrigan@mt.gov
peter.torstensen@mt.gov

*Counsel for State of Montana*

<div style="display: flex;">
<div>

MICHAEL T. HILGERS
  ATTORNEY GENERAL

/s/ Zachary A. Viglianco
Zachary A. Viglianco
  *Deputy Solicitor General*

Office of the Attorney General of Nebraska
2115 State Capitol
Lincoln, NE 68509
(531) 739-7645
zachary.viglianco@nebraska.gov

*Counsel for State of Nebraska*

DREW H. WRIGLEY
  ATTORNEY GENERAL

/s/ Philip Axt
Philip Axt
  *Solicitor General*

Office of Attorney General of North Dakota
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

</div>
<div>

JOHN FORMELLA
  ATTORNEY GENERAL

/s/ Mark W. Dell'Orfano
Mark W. Dell'Orfano
  *Assistant Attorney General*

New Hampshire Department of Justice
1 Granite Place South
Concord, New Hampshire 03301-3271
(603) 271-1236
Mark.W.DellOrfano@doj.nh.gov

*Counsel for State of New Hampshire*

GENTNER DRUMMOND
  ATTORNEY GENERAL

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II
  *Solicitor General*
Jennifer L. Lewis
  *Deputy Attorney General*

Office of the Attorney General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

*Counsel for State of Oklahoma*

</div>
</div>

ALAN WILSON
   ATTORNEY GENERAL

Robert D. Cook
  *Solicitor General*

/s/ J. Emory Smith, Jr.
J. Emory Smith, Jr.
  *Deputy Solicitor General*
Thomas T. Hydrick
  *Assistant Deputy Solicitor*
  *General*
Joseph D. Spate
  *Assistant Deputy Solicitor*
  *General*

Office of the Attorney General of South Carolina
1000 Assembly Street
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for State of South Carolina*

MARTY J. JACKLEY
   ATTORNEY GENERAL

/s/ Steven Blair
Steven Blair
  *Deputy Attorney General*

South Dakota Attorney General's Office
1302 E. Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
atgservice@state.sd.us

*Counsel for State of South Dakota*

11

| | |
|---|---|
| JONATHAN SKRMETTI<br>  ATTORNEY GENERAL AND REPORTER<br><br>/s/ J. Matthew Rice<br>J. Matthew Rice<br>  *Solicitor General*<br>Whitney Hermandorfer<br>  *Director of Strategic Litigation*<br><br>Office of the Attorney General and Reporter of Tennessee<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>(615) 741-7403<br>Matt.Rice@ag.tn.gov<br>Whitney.Hermandorfer@ag.tn.gov<br><br>*Counsel for State of Tennessee* | KEN PAXTON<br>  ATTORNEY GENERAL<br><br>Brent Webster<br>  *First Assistant Attorney General*<br><br>James Lloyd<br>  *Deputy Attorney General for Civil Litigation*<br><br>Kellie E. Billings-Ray<br>  *Chief, Environmental Protection Division*<br><br>/s/ Wesley S. Williams<br>Wesley S. Williams<br>  *Assistant Attorney General*<br><br>Office of the Attorney General of Texas<br>Environmental Protection Division<br>P.O. Box 12548, MC-066<br>Austin, Texas 78711-2548<br>(512) 463-2012 \| Fax: (512) 320-0911<br>Wesley.Williams@oag.texas.gov<br><br>*Counsel for State of Texas* |

SEAN REYES
   ATTORNEY GENERAL

/s/ Stanford E. Purser
Stanford E. Purser
  *Solicitor General*

Office of the Utah Attorney General
160 E. 300 S., 5th Floor
Salt Lake City, Utah 84111
385-382-4334
spurser@agutah.gov

*Counsel for State of Utah*

BRIDGET HILL
   ATTORNEY GENERAL

/s/ D. David DeWald
D. David DeWald
  *Deputy Attorney General*

Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov

*Counsel for State of Wyoming*

JASON MIYARES
   ATTORNEY GENERAL

/s/ Erika L. Maley
Erika L. Maley
  *Solicitor General*
Kevin M. Gallagher
  *Principal Deputy Solicitor General*
Brendan T. Chestnut
  *Deputy Solicitor General*

Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
emaley@oag.state.va.us
kgallagher@oag.state.va.us
bchestnut@oag.state.va.us

*Counsel for Commonwealth of Virginia*

Mithun Mansinghani
Lehotsky Keller Cohn LLP
619 W. Main St.
Oklahoma City, OK 73102

Joshua P. Morrow
Lehotsky Keller Cohn LLP
408 W. 11th St., 5th Floor
Austin, TX 78701

Dated: May 16, 2024

/s/ Scott A. Keller
Scott A. Keller
   Counsel of Record
Steven P. Lehotsky
Michael B. Schon
Lehotsky Keller Cohn LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

# CERTIFICATE OF COMPLIANCE

I certify that this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 920 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this brief complies with the requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point CenturyExpd BT font.

<div style="text-align:right">

/s/ Michael R. Williams
Michael R. Williams

</div>