

U.S. Department of Justice

Environment and Natural Resources Division

---

*Eric G. Hostetler*  
*Environmental Defense Section*  
*P.O. Box 7611*  
*Washington, D.C. 20044*  
*eric.hostetler@usdoj.gov.*  
*Tel. 202-305-2326*

*Overnight Mailing Address:*  
*Environmental Defense Section*  
*4 Constitution Square*  
*150 M Street, N.E.*  
*Washington, D.C. 20002*

**Oral argument not yet scheduled**

July 8, 2024

**Via ECF**

Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue N.W.
Washington, D.C. 20001

      **Re: *West Virginia v. EPA*, No. 24-1120 and consolidated cases**
      Response to Petitioners' 28(j) letter, ECF No. 206272

Dear Mr. Langer:

      The Supreme Court's recent decision in *Ohio v. EPA* to stay a different EPA rule pending judicial review has no bearing on this matter.

      In *Ohio*, the Court considered an EPA rule implementing the Clean Air Act's Good Neighbor Provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I). That provision requires upwind States to eliminate emissions that "contribute significantly" to downwind States' air-quality problems. After disapproving numerous States' Good Neighbor plans as inconsistent with the Act, EPA promulgated a federal plan. In staying that plan, the Court made no pronouncements on whether the plan appropriately respected State roles. Instead, the Court focused on whether EPA adequately justified the plan's severability where the obligations of some included States are currently paused. That severability issue has zero relevance here.

      This case concerns a different program to establish technology-based standards for sources that contribute to public-health endangerment. Under that

program, EPA has the "primary regulatory role." *West Virginia v. EPA*, 597 U.S. 697, 710 (2022). EPA must determine the "best system of emission reduction" for sources and "the degree of emission limitation achievable through the application of that system." 42 U.S.C. § 7411(a)(1). In the challenged Rule, EPA did so and reached reasonable, well-explained judgments. *See, e.g.*, ECF No. 2059170 at 35-83 (detailing substantial evidence on carbon capture feasibility and the Rule's compliance timelines).

And in contrast to *Ohio*, EPA has not disapproved State plans or promulgated a federal plan. Under Section 7411(d) and EPA's separately promulgated implementing regulations, States retain discretion to adopt plans that depart from EPA's guidelines, where justified by certain source-specific considerations. But at this point, no State plans have been submitted for EPA review to determine whether they are, as required, "satisfactory." 42 U.S.C. § 7411(d)(2). Thus, EPA has not questioned the wisdom of any State choices, as those choices have not been made. Nor have the States demonstrated irreparable harm, either to themselves from participating in the Act's program of cooperative federalism or to sources from complying with future State plan requirements. ECF No. 2059170 at 83-105.

In short, *Ohio* lacks relevance, and Petitioners' stay motions should be denied.

Sincerely,

*/s/ Eric Hostetler*

Eric G. Hostetler

## Certificate of Service

I certify that on July 8, 2024, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

<u>    */s/ Eric Hostetler*       </u>
Eric G. Hostetler