

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
ENVIRONMENTAL PROTECTION BUREAU

July 10, 2024

**VIA ECF**
Mark Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

    Re:   *West Virginia v. EPA* (No. 24-1120 and consolidated cases)/
           State and Municipal Intervenors' Response to State
           Petitioners' 28(j) letter, ECF #2062727

Dear Mr. Langer:

      Contrary to State Petitioners' contention, *Ohio v. EPA* does not support staying the Rule. As Respondents explain (ECF #2063523), *Ohio* concerned a different Clean Air Act program and turned on whether the challenged rule should apply to some states despite it being stayed as to others.

      Furthermore, the majority's conclusion in *Ohio* that petitioners were likely to prevail in arguing that EPA failed to adequately explain its action is inapposite. Here, EPA did reasonably explain how the Rule is based on adequately demonstrated systems of emission reduction, has achievable standards, and respects state authority in developing plans to limit emissions from existing sources (including consideration of remaining useful life). *See* State Intervenors' Stay Opp. at 17-24 (ECF #2059163). Moreover, in this case State Petitioners have failed to identify *any* irreparable harms attributable to the Rule that are likely

to occur during the pendency of judicial review—the relevant timeline—*id.*, while State Intervenors have demonstrated that a stay would inflict significant harms on State Intervenors and the public interest, *id.* at 9-10. *Ohio* thus does not support State Petitioners here.

State Intervenors further note that *Ohio* illustrates the difficulties presented when the Supreme Court decides stay applications involving "voluminous, technical records and thorny legal questions" without the benefit of a detailed opinion from a court below, as the dissenting opinion notes as well. *Ohio v. EPA* (Barrett, J., dissenting, slip op. at 24); *see Murthy v. Missouri*, No. 23-411, Slip op. at 20 n.7 (highlighting the challenges of a "record spanning over 26,000 pages" without lower court's key factual findings). Accordingly, several courts of appeals adjudicating stay motions have been issuing detailed opinions explaining their findings and conclusions on the stay factors. *See, e.g.*, *Alliance for Hippocratic Medicine v. FDA*, No. 23-10362, 2023 U.S. App. Lexis (5th Cir., Apr. 12, 2023); *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020); *cf. Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 554-57 (D.C. Cir. 2015) (discussing reasons for denying immediate relief in context of ruling on merits of challenged regulation). This Court should consider following the same practice here.

                                              Respectfully submitted,

                                              */s/ Michael J. Myers*
                                              Michael J. Myers
                                              Senior Counsel

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

The undersigned attorney, Michael J. Myers, hereby certifies:

    1.    This document complies with the type-volume limitations of Fed. R. App. P. 28(j). According to the word processing system used in this office, the body of this document contains 350 words.

    2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 27(d)(1)(E) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook.

Dated: July 10, 2024                                /s/ *Michael J. Myers*
                                                           Michael J. Myers

# CERTIFICATE OF SERVICE

I certify that the foregoing State and Municipal Intervenors' Response to State Petitioners' 28(j) Letter was filed on July 10, 2024, with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system and that, therefore, service was accomplished upon counsel of record by the Court's system.

Dated: July 10, 2024 /s/ *Michael J. Myers*
Michael J. Myers