ORAL ARGUMENT NOT YET SCHEDULED

No. 24-1120
(and consolidated cases)

———————————————

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————————————

STATE OF WEST VIRGINIA, et al.,
Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
Respondents.

———————————————

On Petitions for Review of Final Action
by the United States Environmental Protection Agency

———————————————

**PROPOSED BRIEFING FORMAT AND SCHEDULE**

———————————————

Pursuant to this Court's July 19 order (ECF No. 2065493), the parties have conferred and have agreed on a proposed briefing schedule. The parties did not, however, reach consensus on an appropriate briefing format and word limits. Respondent United States Environmental Protection Agency ("EPA") and undersigned Respondent-Intervenors (collectively "Respondents") therefore submit their respective proposal at paragraph 18 below. Petitioners' and Petitioner-Intervenors' counsel (collectively "Petitioners") are filing a separate proposal.

In support of Respondents' proposal, Respondents submit as follows:

**<u>Background</u>**

1. These consolidated petitions seek review of an EPA rule promulgated under authority of section 111 of the Clean Air Act, 42 U.S.C. § 7411 that secures reductions in carbon dioxide ("$CO_2$") emissions from fossil-fuel-fired power plants. The statutory and regulatory background are discussed in greater detail in EPA's opposition to the motions for a stay. ECF No. 2059170.

2. Seventeen petitions for review of the Rule have been filed and consolidated under lead case No. 24-1120. While there are numerous State and Industry Petitioners, along with two Petitioner-Intervenors, their interests are largely aligned. All of the State and Industry Petitioners raise the same principal claim – contesting whether a system of emission reduction based on 90 percent

carbon capture is adequately demonstrated and achievable. *See generally* Petitioners' motions for a stay.

3. A number of states and other governmental entities, industrial entities, and non-governmental organizations have intervened in support of EPA. These intervenors are described further in paragraphs 11-17 below.

4. In its July 19 order denying motions for a stay pending judicial review, this Court accepted EPA's suggestion that "this case be expedited as an alternative means of protecting all parties' interests." ECF No. 2065493. The Court thus directed the parties to submit proposed formats that would "ensure this case can be argued and considered as early as possible in the court's 2024 term." *Id.*[1]

5. Respondents attempted in good faith to reach consensus with Petitioners on a joint proposal. While the parties narrowed their areas of disagreement, and reached agreement on a proposed schedule, they were unable to reach consensus on format and word limits by the filing deadline.

**Respondents' Proposed Expedited Schedule**

6. Considering the Court's order to expedite briefing, the scope of the case, and the need for time-intensive review of government briefs by multiple levels of management personnel at EPA and the Department of Justice, EPA proposes a

---

[1] After the Court issued its July 19 order denying stay requests, stay movants have filed multiple applications with the Supreme Court seeking similar relief. Those opposed applications remain pending as of this date.

briefing interval of 35 days.  Accordingly, EPA requests that the Court issue a scheduling order in which Petitioners' opening brief(s) would be due by September 6, 2024, which is 35 days from the date of this proposal, and EPA's responsive brief would be due by October 11, 2024.  Respondent-Intervenors request that their briefs be due one week later, by October 18, 2024.  To enable oral argument to be calendared as soon as possible thereafter in 2024, Respondents propose the following remaining scheduling deadlines: reply briefs due by October 25, 2024, the joint appendix due by October 29, 2024, and final briefs due by November 1, 2024.

**Respondents' Formatting Proposal and Word Limits**

7.  In view of the complexity of the Rule and the number of Petitioners, Respondents believe that Petitioners are justified in seeking more words than a standard-length brief.  Respondents are mindful, however, of the Court's admonition that it "looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief."  ECF No. 2065493.

8.  To avoid unnecessary duplication while providing an adequate number of words for Petitioners to brief their claims, Respondents propose that the number of words allotted to Petitioners be set at two standard-length briefs.  Specifically, Respondents propose that a collective allotment of 26,000 words be provided in

aggregate to Petitioners and Petitioner-Intervenors for opening briefs. This would be somewhat more words than allotted to petitioners in similarly complex recent cases involving EPA Clean Air Act actions, but in the same general ballpark. *See* Scheduling Order in *Kentucky v. EPA* (D.C. Cir. 24-1087 et al.) (ECF No. 2065237) (allotting a total of 21,000 words to State and industry petitioners in challenge to EPA's rule setting greenhouse gas emission standards for light-duty motor vehicles); *Western States Trucking Association, Inc. v. EPA*, (D.C. Cir. 23-1143 et al.) (allotting a total of 18,900 words to State and industry petitioners in challenge to EPA waiver of preemption allowing for enforcement of California heavy-duty motor vehicle regulations). Because of the need to address the issues raised by all Petitioners in a comparable level of detail, EPA requests that it be accorded the same total number of words allotted to Petitioners (i.e., 26,000 words if EPA's proposal were to be accepted).

9. Respondents propose that the two Petitioner-Intervenors, the Tennessee Valley Public Power Association and the Louisiana Public Service Commission, be directed to join a brief of Petitioners with whom they are aligned. As an initial matter, Petitioner-Intervenors both failed to provide the requisite timely notice of their intent to file a separate petitioner-side brief. The Court's July 2 order granting their motions to intervene (ECF No. 2062757) directed these intervenors to "notify the court, in writing, within 14 days of the date of this order" of their

intention to participate in support of petitioners and if so, "to provide a statement of the issues to be raised by the intervenors." *Id.* That order further admonished that "[f]ailure to submit notification could result in an intervenor being denied leave to file a brief." *Id.*

10. Regardless, there is no compelling need to provide Petitioner-Intervenors with the opportunity to file separate briefs because their interests are fully aligned with the interests of other Petitioners. The Tennessee Valley Public Power Association represents the interests of municipal and cooperative owned members who enter into power purchase contracts with the Tennessee Valley Authority. ECF No. 2057546. The interests of the Association are aligned with Petitioner National Rural Electric Cooperative Association ("NRECA") (Case No. 24-1122), which represents electric cooperatives nationally. Indeed, many of the members of the Tennessee Valley Public Power Association are also members of NRECA. The Louisiana Public Service Commission is a state agency that regulates retail rates and services of electric utilities operating in Louisiana. ECF No. 2058549. The interests of the Commission are aligned with the interests of the State of Louisiana and the other State governmental petitioners in Case Nos. 24-1120 and 24-1121.[2]

---

[2] If Petitioner-Intervenors are granted leave to file their own briefs, Respondents believe they should not be provided with more cumulative words than a standard intervention brief (9,100 words).

**Proposed Format for Respondent-Intervenors**

11.  Respondent-Intervenors include four distinct sets of entities: a coalition of States, a state agency, and local governments; a coalition of five public health and environmental organizations; a coalition of several of the nation's largest public and investor-owned utilities; and the Edison Electric Institute, a trade association representing investor-owned utilities, which has also filed a petition for review challenging the rule and is intervening to defend narrow applicability criteria and subcategories that allow power plants to avoid requirements to reduce their emissions. Respondent-Intervenors will avoid duplication of briefing, but have distinct perspectives and are not able to commit to joint briefing at this time. Accordingly, Respondent-Intervenors respectfully request leave to file up to four separate briefs.

12. Consistent with the ratio set forth in this Court's rules, Respondent-Intervenors respectfully request a collective word count equivalent to 70% of the words allotted to Petitioners and Respondents. *Compare* Fed. R. App. P. 32(a)(7)(B)(i) *with* D.C. Cir. R. 32(e)(2)(b) (70% ratio). 18,200 words for Respondent-Intervenors is justified in this case given the distinct interests and important perspectives of the four sets of entities described below.

13. State and Local Government Respondent-Intervenors are twenty-one States, five local governments, and one state agency.[3] This Court ordinarily does not compel governmental intervenors to file joint briefs with other intervenors, D.C. Cir. R. 28(d)(4), and there is no reason to depart from that sound practice here. States have a well-established and particular "stake in protecting [their] quasi-sovereign," proprietary, and sovereign interests from the harms that greenhouse gas emissions cause. *Massachusetts v. EPA*, 549 U.S. 497, 520-23 (2007).

14. The Public Interest Organization Respondent-Intervenors are five national and regional nonprofit environmental and public health organizations dedicated to protecting public health and the environment from increasingly dangerous climate change driven by greenhouse gas emissions. Collectively, they represent the interests of members located across the entire country who are affected by the Rule. They have broad expertise in the legal, administrative, technical, environmental, and public health aspects of power plant air pollution control. These organizations have participated extensively in the administrative

---

[3] State and local government intervenors ("State Intervenors") include New York, Arizona, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, Wisconsin, District of Columbia, Boulder, Chicago, Denver, New York City, and the California Air Resources Board.

and judicial proceedings that preceded the Rule, including submitting hundreds of pages of legal and technical comments at every stage, backed by thousands of pages of documentary exhibits. The Public Interest Organization Respondent-Intervenors will coordinate with other parties to avoid duplication, but should be allowed to file their own brief as they have a different perspective from the other Respondent-Intervenors, which include state and municipal governments and industry parties.

15. Power Company Respondent-Intervenors are among the nation's largest electric utilities and power producers. For many years, Power Company Respondent-Intervenors have supported reasonable and consistent regulation of GHG emissions from fossil fuel-fired electric generating units to mitigate their impact on climate change. Seeking durable regulation that would support continued investment in emission reductions while maintain the reliability of the electricity grid, they have commented on EPA's Section 111 rules for GHG emissions from power plants and either initiated or intervened in litigation challenging those rules. They accordingly have a unique perspective and a strong interest in arguing that EPA possesses the authority to promulgate power-sector rules under Section 111 and that this Rule does not violate the major questions doctrine.

16. This Court permitted the same three sets of Respondent-Intervenors to file separate briefs in prior litigation involving the regulation of greenhouse gas emissions from power plants. *See* Order at 2, *West Virginia v. EPA*, ECF 1595922 (Jan. 28, 2016) (allowing filing of briefs of these three intervenor groups plus a fourth group, a clean energy trade association); Order at 1, *Amer. Lung Ass'n v. EPA*, ECF 1826621 (January 31, 2020). It is standard practice for the Court to allow governmental petitioners to file a separate brief due to their sovereign and quasi-sovereign interests. *See* D.C. Cir. R. 28(d)(4). Likewise, it is standard practice for this Court to permit separate briefs from environmental and industry parties. *See, e.g.*, *Kentucky v. EPA*, Order at 1-2, ECF 2065237 (July 17, 2024).

17. With respect to the fourth Respondent-Intervenor, Edison Electric Institute (EEI), the arguments set forth in its intervenor brief necessarily depend to a large extent upon Petitioners' arguments. Nevertheless, EEI anticipates filing a brief supporting EPA's authority to subcategorize emission sources and set a unique best system of emission reduction for each subcategory, and supporting EPA's promulgation of other compliance options and flexibilities.

**Summary of Respondents' Proposed Format and Word Limits**

18. In summary, in light of the considerations discussed above, Respondents request that the Court establish the following proposed briefing schedule and format:

| Filing | Date due | Words |
|---|---|---|
| Petitioners' opening briefs | September 6, 2024 | 26,000 words in the aggregate, divided into multiple briefs at Petitioners' discretion |
| Respondents' answering brief | October 11, 2024 | 26,000 words |
| Respondent-Intervenors' briefs | October 18, 2024 | 18,200 words, shared between up to 4 briefs |
| Petitioners' replies | October 25, 2024 | 13,000 words in the aggregate (see above) |
| Deferred appendix | October 29, 2024 | n/a |
| Final briefs due | November 1, 2024 | See above |

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division


*/s/ Elliot Higgins*
ERIC G. HOSTELER
CHLOE H. KOLMAN
TSUKI HOSHIJIMA
ELLIOT HIGGINS
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-2326 (Hostetler)
eric.hostetler@usdoj.gov

*Counsel for Respondents*

OF COUNSEL:

STEPHANIE L. HOGAN
HOWARD J. HOFFMAN

NORA GREENGLASS
STACEY S. GARFINKLE
GRACE WEATHERALL
LAUREN MICHAELS

Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C.  20460

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General

*/s/Michael J. Myers*
BARBARA D. UNDERWOOD
  *Solicitor General*
JUDITH N. VALE
  *Deputy Solicitor General*
MATTHEW W. GRIECO
  *Sr. Assistant Solicitor General*
MICHAEL J. MYERS
Senior Counsel
MORGAN A. COSTELLO
  *Chief, Affirmative Litigation*
  *Section*
ANDREW G. FRANK
  *Assistant Attorney General*
Environmental Protection
  Bureau
The Capitol
Albany, NY 12224
(518) 776-2382
michael.myers@ag.ny.gov

FOR THE STATE OF COLORADO

PHILIP J. WEISER
Attorney General

By:    */s/Carrie Noteboom*
                           
CARRIE NOTEBOOM
Assistant Deputy Attorney
  General
GABBY FALCON
SARAH QUIGLEY
Assistant Attorneys General
Natural Resources and
  Environment Section
Ralph C. Carr Colorado
  Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
(720) 508-6285
carrie.noteboom@coag.gov

12

FOR THE STATE OF
ARIZONA

KRIS MAYES
Attorney General

*/s/Paul Phelps*

By: _____

PAUL PHELPS
Assistant Attorney General
SHELLY CUTTS
Acting Section Chief Counsel
Environmental Enforcement
  Section
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-8543
Environmental@azag.gov


FOR THE STATE OF
CONNECTICUT

*/s/Scott N. Koschwitz*

By: _____

MATTHEW I. LEVINE
Deputy Assoc. Atty. General
SCOTT N. KOSCHWITZ
Assistant Attorney General
Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
(860) 808-5250
Scott.koschwitz@ct.gov


FOR THE STATE OF
DELAWARE

KATHLEEN JENNINGS
Attorney General

*/s/Vanessa L. Kassab*

By: _____

CHRISTIAN D. WRIGHT
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov


FOR THE STATE OF
ILLINOIS

KWAME RAOUL
Attorney General

*/s/ Jason E. James*

By: _____

MATTHEW DUNN
Chief, Environmental
  Enforcement/Asbestos
  Litigation Division
JASON E. JAMES
Assistant Attorney General
201 W. Pointe Dr., Suite 7
Belleville, IL 62226
(872) 276-3583
Jason.james@ilag.gov

FOR THE STATE OF
HAWAI'I

ANNE E. LOPEZ
Attorney General

*/s/ Lyle T. Leonard*

By: _____
LYLE T. LEONARD
Deputy Attorney General
465 S. King Street, #200
Honolulu, HI 96813
(808) 587-3050
Lyle.t.leonard@hawaii.gov


FOR THE STATE OF MAINE

AARON M. FREY
Attorney General

*/s/ Emma Akrawi*

By: _____
EMMA AKRAWI
Assistant Attorney General
Natural Resources Div.
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
Emma.akrawi@maine.gov

FOR THE STATE OF
MARYLAND

ANTHONY G. BROWN
Attorney General

*/s/ Michael F. Strande*

By: _____
MICHAEL F. STRANDE
Assistant Attorney General
STEVEN J. GOLDSTEIN
Special Assistant Attorney
General
Office of the Attorney General
1800 Washington Blvd.
Baltimore, MD 21230
(410) 537-3421
Michael.strande@oag.state.md.us


FOR THE PEOPLE OF THE
STATE OF MICHIGAN

DANA NESSEL
Attorney General

*/s/ Elizabeth Morrisseau*

By: _____
ELIZABETH MORRISSEAU
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
G. Mennen Williams Building,
6th Floor
525 W. Ottawa Street
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
MorrisseauE@michigan.gov

FOR THE COMMONWEALTH
OF MASSACHUSETTS

ANDREA JOY CAMBPELL
Attorney General

*/s/ Turner Smith*

By: _____
Assistant Attorney General &
   Deputy Bureau Chief
JULIA JONAS-DAY
Assistant Attorney General for
   Climate Change
BENJAMIN MESHOULAM
Senior Advisor
SETH SCHOFIELD
Senior Appellate Counsel
Energy and Env. Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
Turner.smith@mass.gov

FOR THE STATE OF
MINNESOTA

KEITH ELLISON
Attorney General

*/s/ Peter N. Surdo*

By: _____
Assistant Attorney General
Minnesota Attorney General's
   Office
445 Minnesota St., S.1400
St. Paul, MN 55101
(651) 583-6667
Peter.surdo@ag.state.mn.us

FOR THE STATE OF NEW
JERSEY

MATTHEW J. PLATKIN
Attorney General

*/s/ Lisa J. Morelli*

By: _____
LISA J. MORELLI
Deputy Attorney General
NELL M. HRYSHKO
New Jersey Division of Law
25 Market Street
Trenton, NJ 08625
(609) 376-2740
Lisa.morelli@law.njoag.gov

FOR THE STATE OF NORTH
CAROLINA

JOSHUA H. STEIN
Attorney General

*/s/ Asher P. Spiller*

By: _____
DANIEL S. HIRSCHMAN
Sr. Deputy Attorney General
ASHER P. SPILLER
Special Deputy Attorney General
TAYLOR H. CRABTREE
Assistant Attorney General
North Carolina Dept. of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6400
aspiller@ncdoj.gov

FOR THE STATE OF NEW MEXICO

RAUL TORREZ
Attorney General

*/s/ William Grantham*

By: _____
WILLIAM GRANTHAM
Assistant Attorney General
408 Galisteo Street
Santa Fe, NM 87501
(505) 717-3250
wgrantham@nmag.gov


FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

*/s/ Paul Garrahan*

By: _____
PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney
   General
Natural Resources Section
General Counsel Div.
Oregon Dept. of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.garrahan@doj.state.or.us


FOR THE COMMONWEALTH OF PENNSYVLANIA

MICHELLE A. HENRY
Attorney General

*/s/ Ann Johnston*

By: _____
ANN JOHNSTON
Asst. Chief Dep. Atty. General
Civil Environmental Enf. Unit
Office of the Attorney General
Strawberry Sq., 17th Floor
Harrisburg, PA 17120
(717) 417-3698
ajohnston@attorneygeneral.gov


FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General

*/s/Hannah Yindra*

By: _____
HANNAH YINDRA
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.yindra@vermont.gov

FOR THE STATE OF RHODE ISLAND

PETER F. NERONHA
Attorney General

*/s/Alison H. Carney*

By: _____
ALISON HOFFMAN CARNEY
Assistant Attorney General
Chief, Env. and Energy Unit
150 S. Main St.
Providence, RI 02903
(401) 274-440 ext. 2116
acarney@riag.ri.gov
FOR THE STATE OF WASHINGTON

ROBERT H. FERGUSON
Attorney General

*/s/Christopher H. Reitz*

By: _____
CHRISTOPHER H. REITZ
CAROLINE E. CRESS
ZACHARY S. PACKER
Assistant Attorneys General
Office of Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-4614
Chris.reitz@atg.wa.gov

FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General

*/s/Gabe Johnson-Karp*

By: _____
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Dept. of Justice
P.O. Box 5307-7857
(608) 267-8904
johnsonkarpg@doj.state.wi.us

FOR THE CITY OF BOULDER

TERESA TAYLOR TATE
City Attorney

*/s/Luis A. Toro*

By: _____
LUIS A. TORO
Senior Counsel
City of Boulder
1777 Broadway, 2nd Flr.
(303) 441-3020
ToroL@bouldercolorado.gov

FOR THE DISTRICT OF
COLUMBIA

BRIAN L. SCHWALB
Attorney General

/s/ Caroline S. Van Zile

By: _____
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General
   for the District of Columbia
400 6th St. NW
Washington, DC 20001
(202) 727-66609
Caroline.vanzile@dc.gov


FOR THE CITY OF CHICAGO

MARY RICHARDSON-
LOWRY
Corporation Counsel

/s/Myriam Zreczny Kasper

By: _____
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
Appeal Division
City of Chicago Dept. of Law
2 N. LaSalle St., S. 580
Chicago, IL 60602
(312) 744-3564
Myriam.kasper@cityofchicago.org

FOR THE CITY AND
COUNTY OF DENVER

KERRY TIPPER
City Attorney

/s/Edward J. Gorman

By: _____
EDWARD J. GORMAN
Sr. Asst. County Attorney
201 W. Colfax, Dept. 1207
Denver, CO 80202
(720) 913-3275
Edward.gorman@denvergov.org

FOR THE CALIFORNIA AIR
RESOURCES BOARD

ROB BONTA
Attorney General

/s/Theordore A.B. McCombs

By: _____
TRACY L. WINSOR
Sr. Asst. Attorney General
MYUNG J. PARK
Supervising Deputy Attorney
   General
KATHERINE GAUMOND
THEORDORE MCCOMBS
JONATHAN A. WIENER
Deputy Attorneys General
600 W. Broadway
San Diego, CA 92101
(619) 738-9003
Theordore.mccombs@doj.ca.gov

FOR THE CITY OF NEW
YORK

MURIEL GOODE-TRUFANT
Acting Corporation Counsel

*/s/Christopher G. King*

By: _____

CHRISTOPHER G. KING
ALICE R. BAKER
Senior Counsel
New York City Law Dept.
100 Church Street
New York, NY 10007
(212) 356-2074
cking@law.nyc.gov

Francis W. Sturges, Jr.
Alan Masinter
Ann B. Weeks
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
fsturges@catf.us

*Counsel for American Lung
Association, Clean Air Council,
American Public Health Association,
and Clean Wisconsin*

James Patrick Duffy
Center for Applied Environmental
Law and Policy
6218 Georgia Avenue NW, Ste 1-538
Washington, DC 20011
(802) 233-7967
jay.duffy@caelp.org

*Counsel for Natural Resources Defense
Council*

Catherine Marlantes Rahm
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(212) 727-4628
crahm@nrdc.org

Jaclyn H. Prange
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
jprange@nrdc.org

David Doniger
Meredith J. Hankins*
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 321-3435
ddoniger@nrdc.org
mhankins@nrdc.org

*\*Admitted to practice in California,
acting under the supervision of a
member of the D.C. Bar.*

*Counsel for Natural Resources Defense
Council*

Kevin Poloncarz
Timothy Duncheon
Julia Barrero
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, 54th Floor
San Francisco, CA 94105-2533
(415) 591-7070
kpoloncarz@cov.com

*Counsel for Pacific Gas and Electric
Company, Consolidated Edison, Inc.,
New York Power Authority, Sacramento
Municipal Utility District and Power
Companies Climate Coalition*

**CERTIFICATE OF COMPLIANCE**

The foregoing response to an order complies with the typeface and volume requirements of the rules of this Court and Federal Rules of Appellate Procedure. The document is set in Times New Roman font, 14-point, and contains 1,998 words according to the word-count function of Microsoft Word.

*/s/ Elliot Higgins*
Elliot Higgins

**CERTIFICATE OF SERVICE**

I filed the foregoing document with the U.S. Court of Appeals for the

District of Columbia Circuit on August 2, 2024, using the CM/ECF system. All

parties are represented by counsel that are CM/ECF users and will be served by the

CM/ECF system.

*/s/ Elliot Higgins*
Elliot Higgins