# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF WEST VIRGINIA, et al., *Petitioners*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency, *Respondents*. | Case No. 24-1120 (and consolidated cases) |

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE FOR 60 DAYS

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying rule. Counsel for Respondents has conferred with all parties to this consolidated litigation, and no party opposes this motion.[2]

In support of this motion, EPA states as follows:

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2] The State and Municipal Respondent-Intervenors, the Power Company Respondent-Intervenors, the Environmental/Public Health Respondent-Intervenors, and Respondent-Intervenor/Petitioner Edison Electric Institute take no position on the motion.

1. The consolidated petitions in this case challenge a final EPA action composed of a set of related regulations ("the Rule") promulgated together under Section 111 of the Clean Air Act, which generally address greenhouse gas emissions from fossil fuel-fired power plants. This matter is fully briefed, and oral argument was held on December 6, 2024.

2. Due to the recent change in administration on January 20, 2025, there is new EPA leadership. Those new Agency officials are currently in the process of onboarding and familiarizing themselves with the issues presented in this case and related litigation. To provide new leadership with sufficient time to familiarize themselves with these issues and determine how they wish to proceed, the government respectfully requests that the Court withhold issuing an opinion and place this case in a brief abeyance, with a status report or motion to govern from EPA due in 60 days.

3. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

4. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See,*

*e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

5. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[3] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West*

---

[3] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

*Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

6. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

7. For these reasons, the Court should place this matter in abeyance for 60 days, with a status report or motion to govern to be filed by EPA in 60 days at the end of that period.

Respectfully submitted,

Of Counsel:

STEPHANIE L. HOGAN
HOWARD J. HOFFMAN

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

| | |
|---|---|
| NORA GREENGLASS<br>STACEY S. GARFINKLE<br>GRACE WEATHERALL<br>U.S. Environmental Protection Agency<br>Office of the General Counsel<br>1200 Pennsylvania Ave., NW<br>Washington, D.C. | *s/ Elliot Higgins*<br>ERIC G. HOSTETLER<br>TSUKI HOSHIJIMA<br>ELLIOT HIGGINS<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 305-2326 (Hostetler)<br>eric.hostetler@usdoj.gov |

February 5, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 797 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Elliot Higgins*

# CERTIFICATE OF SERVICE

On February 5, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Elliot Higgins*